IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOANNE CICALA INSCORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 1:13-cv-712-LY |
| | § | (State Court No.: 13-7321) |
| | § | |
| KIRBY McINERNEY LLP, RANDALL K. | § | |
| BERGER, DANIEL HUME, PETER S. | § | |
| LINDEN, IRA PRESS, and DAVID E. | § | |
| KOVEL, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION TO TRANSFER VENUE

Defendants Kirby McInerney LLP ("KMLLP"), Randall K. Berger, Daniel Hume, Peter S. Linden, Ira Press, and David E. Kovel (collectively, "Defendants") file this Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), and in support of their motion state:

### SUMMARY OF RELIEF SOUGHT

This lawsuit involves purported amounts due under a New York law firm partnership agreement after the withdrawal of former partner Plaintiff Joanne Cicala Inscore ("Cicala" or "Plaintiff"). All parties agree that New York law applies. When a dispute arose as to any amounts due to her, Cicala proposed that the parties settle the controversy without litigation. Defendants' counsel unconditionally accepted the offer to engage in settlement efforts. In response and despite Defendants' unequivocal agreement to proceed with settlement efforts as suggested by Plaintiff, Plaintiff filed a lawsuit in Hays County, Texas, which Defendants have removed to this Court. Thus, in an apparent attempt to mislead Defendants regarding her settlement intentions and to obtain a litigation advantage, Plaintiff filed this New York partnership dissolution proceeding in a Texas court, a forum with no connection to the matter.

KMLLP is a small New York law firm whose partners, including the five named individual partners, are practicing members of the New York bar and who discharge their client obligations out of the firm's principal office in New York, New York. All of KMLLP's partners, former partners, associates, third-party vendors, and all personnel with decision-making authority, work in New York and reside in or near New York. All of the documents, funds, and accounting records relevant to Plaintiff's claims are kept in New York.

After over ten years of claiming benefits under and affirming the application of the KMLLP Partnership Agreement (which, among other things, requires that suit be filed in New York State), Cicala now baselessly asserts that the Partnership Agreement does not apply to her. However, even Cicala does not dispute that New York Partnership Law will govern any accounting or distribution of funds. Because the private and public interest factors, as well as the interest of justice, require transfer, the Court should transfer this lawsuit to the Southern District of New York, pursuant to 28 U.S.C. § 1404(a), or stay the litigation in favor of a pending New York action.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. Defendant KMLLP is a registered limited liability partnership organized and existing under the laws of New York, engaged at all times in the practice of law, and having its principal office in New York, New York. *See* Plaintiff's Original Petition at ¶ 3. Randall K. Berger, Daniel Hume, Peter S. Linden, Ira Press, and David E. Kovel are the current members of KMLLP. *Id.* Cicala is a former member of KMLLP. *Id.* at ¶ 12.

2. In or about January 1999, the then members of KMLLP, Roger W. Kirby, Peter S. Linden, Alice McInerney, Ira M. Press and Jeffrey H. Squire, entered into the Kirby McInerney & Squire LLC Restated Partnership Agreement effective as of January 1, 1999 (the "Partnership Agreement"). *See* Declaration of Peter S. Linden ("Linden Declaration") at ¶ 12, attached as

**Exhibit A**, and Partnership Agreement, attached as Exhibit A-1 to the Linden Declaration.  At all relevant times, KMLLP partners, including Cicala herself until shortly before her filing of this suit, have acknowledged that the Partnership Agreement governs the relationship as members of KMLLP, and KMLLP's business, operations and affairs have been managed and conducted pursuant to the terms of the Partnership Agreement.  *Id*.

3. In January 2002, Cicala was offered and accepted membership in KMLLP pursuant to the Partnership Agreement.  *Id*. at ¶ 15.  By letter dated February 5, 2013, Cicala gave KMLLP and its other partners notice of her withdrawal from the partnership pursuant to Section 18(a)(i) of the Partnership Agreement.  *Id*. at ¶ 19.  In subsequent correspondence, Cicala confirmed that she withdrew from KMLLP pursuant to Sections 18(a)(i) of the Partnership Agreement and would be subject to the related provisions of section 19 of that agreement governing the amounts payable to withdrawn partners of KMLLP.  *Id.*  Thereafter, Defendants provided Cicala with information to enable the parties to engage in discussions regarding any amounts due under the Partnership Agreement post-withdrawal.  *Id.*

4. Before such discussions occurred, on August 6, 2013, Cicala, through her counsel, sent KMLLP a letter regarding amounts she claimed were owed to her.  *Id*. at ¶ 21.  In this letter, Cicala contended that the Partnership Agreement and its partner withdrawal provisions, which she previously asserted as governing her withdrawal, did not apply to her withdrawal.  The letter proposed that the parties settle the controversy without litigation.  *Id*.  Prior to the deadline set by Plaintiff's counsel, on August 13, 2013, Defendants' counsel unconditionally accepted the offer to engage in settlement efforts.  *Id*.  In response and despite Defendants' unequivocal agreement to proceed with settlement efforts as suggested by Plaintiff, Plaintiff improperly filed a lawsuit in Hays County, Texas the next day.  *Id*.

5. Thus, on or about August 14, 2013, Cicala filed Plaintiff Joanne Cicala's Original Petition ("Petition") in the 274th District Court of Hays County, Texas, styled *Joanne Cicala Inscore v. Kirby McInerney LLP*, Cause No. 13-1732. The causes of action in the Petition purportedly relate to Plaintiff's withdrawal from the law firm partnership. The Petition seeks a declaratory judgment as to the unenforceability of the Partnership Agreement, an accounting demand, and payment for the alleged value of Plaintiff's partnership interest at the time of her withdrawal. The Petition, which was filed after Defendants' agreement to proceed with settlement negotiations as suggested by Plaintiff, was nothing more than a transparent attempt to forum shop and to bypass the forum selection clause in the Partnership Agreement.

6. Defendants first received a copy of the Petition, via email to their New York counsel, on August 14, 2013. On the same date, August 14, 2013, Defendants accordingly filed a Summons with Notice in New York Supreme Court, seeking, *inter alia*, a declaratory judgment that the Partnership Agreement is binding on Cicala and that the partner withdrawal provisions of the Partnership Agreement, which Cicala previously invoked in withdrawing from KMLLP, govern any and all amounts payable to Cicala as a withdrawn partner of KMLLP (the "New York action"). *See* Linden Declaration, **Exhibit A**, at ¶ 22, and Summons with Notice, attached as Exhibit A-2 thereto. The New York action involves identical factual and legal issues to this action.

7. Defendants removed the Texas state court petition to this Court on August 16, 2013 based on diversity of citizenship.

8. On August 19, 2013, KMLLP, Randall K. Berger, Daniel Hume, Peter S. Linden, Ira Press, and David E. Kovel filed their Complaint in the New York Action. Linden Declaration at ¶ 22, and Complaint, attached as Exhibit A-3 thereto.

## ARGUMENT

**A.    This Action Should Be Transferred to the District Court for the Southern District of New York under 28 U.S.C. § 1404.**

Pursuant to 28 U.S.C. §1404, the Court should transfer this case to the United States District Court for the Southern District of New York. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Section 1404 provides that a court may transfer an action to another district in the interests of justice, based upon a consideration of all relevant factors. 28 U.S.C. § 1404. In evaluating a motion to transfer under Section 1404(a), a court must first determine whether the action "might have been brought" in another District. 28 U.S.C. § 1404(a). In addition, in deciding whether to transfer an action, a court must consider and balance a number of private[1] and public factors,[2] none of which, by itself, is dispositive. *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988) (court should also analyze private and public interest factors affecting the convenience of the forum).

**B.    This Action Could Have Been Brought in the Southern District of New York.**

First, the Petition clearly could have been originally brought in New York district court, a prerequisite under 28 U.S.C. § 1404. Pursuant to 28 U.S.C. § 1391(a), a civil action where jurisdiction is founded only on diversity may only be brought in a judicial district where any

---

[1] The private factors to be considered are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The plaintiff's choice of forum is also a factor to be weighed. However, as discussed in this motion, Plaintiff's choice of forum is entitled to no deference, as the Partnership Agreement, which Cicala asserted as applying to her and governing her withdrawal from KMLLP, contractually specifies New York as the appropriate forum pursuant to the forum selection clause.

[2] The public interest factors to be considered are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

defendant resides, a substantial part of the events or omissions occurred, or a judicial district in which any defendant is subject to personal jurisdiction at the time the action commenced, if there is no district in which the action may otherwise be brought. Plainly, venue is proper in the United States District Court for the Southern District of New York as this action is founded only upon diversity. KMLLP is a limited partnership with its principal place of business in New York, and virtually all of the events giving rise to the claims occurred in New York. In addition, all of the partnership property that is the subject of the action is situated in New York, and not Texas. 28 U.S.C. § 1391(b)(2). Additionally, the KMLLP Partnership Agreement contains a forum selection clause providing that litigation be venued in New York federal or state court. Linden Declaration, **Exhibit A**, at ¶ 13.

**C.** **Private Interest Factors Weigh in Favor of Transfer.**

    **1.** **All Defendants and KMLLP are in New York.**

This dispute involves a New York law firm partnership that is registered in New York. The lawsuit is against the law firm and its five partners, all of whom are practicing members of the New York bar and who are currently discharging their client's obligations out of the firm's principal office in New York. *Id.* at ¶¶ 3-4. KMLLP has no Texas office. *Id.* at ¶ 4. Virtually all information and witnesses regarding Cicala's claims are located in New York. *Id.* at ¶¶ 1-10; *also see* further discussion *infra* at Section C.2. It is not disputed that New York partnership law applies. *See* Cicala Petition at ¶ 23. Thus, New York is the appropriate forum for this dispute and this case should be transferred there.

    **2.** **Other private interest factors favor transfer.**

All of the other private interest factors also favor transferring the case to the Southern District of New York. The relative ease and access to proof weighs strongly in favor of transferring this matter, as does the convenience of the witnesses which is often regarded as the

most important factor to be considered in deciding whether to transfer venue. *Sargent v. Sun Trust Bank, N.A.,* No. Civ.A. 3:03-CV-2701, 2004 WL 1630081, at *3 (N.D. Tex. July 20, 2004) (internal quotation marks omitted) (quoting *Minka Lighting, Inc. v. Trans Globe Imps., Inc.,* No. CIV.A. 3:02-CV-2538, 2003 WL 21251684, at *2 (N.D. Tex. May 23, 2003). The core of this litigation will turn on testimony of Defendants, KMLLP's current and former employees, and numerous other New York witnesses providing services to KMLLP. *See* Linden Declaration, **Exhibit A**, at ¶¶ 2-6. All key documents also are located in New York. *Id.* at 8. Because the key witnesses reside in New York and the key documents are maintained in New York, transfer is appropriate. *Motise v. Am. Online,* 346 F. Supp. 2d 563, 566 (S.D.N.Y. 2004) (transferring case to state where the defendant corporation had its principal place of business and where the officers of the company would be the key witnesses).

Plaintiff seeks a declaration as her rights under the Partnership Agreement. Here, almost all of the witnesses who may have knowledge of Defendants' agreement with Plaintiff and any amounts due to Plaintiff are in New York. *See* Linden Declaration ¶¶ 2-3, 5-6. Indeed, the ***only*** potential witness that resides in Texas is Cicala. *Id*. at ¶ 10. The Linden Declaration attached hereto lists the individuals that may have knowledge of facts related to this lawsuit and describes the nature of their knowledge. *Id*. at ¶¶ 5-6. Further, all of the current partners and employees of KMLLP are employed at KMLLP's offices in New York, and all of KMLLP's accounting takes place at that location. *Id.* at ¶ 4.

In addition, the KMLLP's employees and former employees who had any involvement with Plaintiff during the relevant time periods, and who may have information making them relevant witnesses in this case, work or formerly worked at KMLLP's principal place of business in New York, New York. *Id*. at ¶¶ 5-6. Other witnesses who may have knowledge regarding KMLLP's affairs—including, without limitation, its lease, assets, expenses, finances, banking,

insurance, operations, retirement plan, employment policies and practices, and pension plan—also are all located or work in New York. *Id*. at ¶ 5. To the extent that Plaintiff seeks the trial testimony of current or former KMLLP's employees or other third-party witnesses, compulsory process is only available in New York, where most of KMLLP's employees and vendors work and reside. *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1337-38 (Fed. Cir. 2009) (transfer is favored if transferee court has absolute subpoena power over substantial number of witnesses).

The relative ease of access to sources of proof, including the location of relevant documentation and records regarding Plaintiff's claims, also favors transfer to New York. Practically all of the documents relevant to Cicala's allegations are located in New York, New York at KMLLP's offices or in KMLLP's offices or in the offices of KMLLP's accountants and bankers. *Id*. at ¶¶ 5, 8. It would be extremely inconvenient for the parties to transport these documents to the Western District of Texas, both in terms of cost and because many of the relevant documents are part of Kirby's ongoing day-to-day operations in New York. *Id*. at ¶ 8. In addition, the cost to Defendants of obtaining the presence of the aforementioned witnesses in the Western District of Texas would be significant, including transportation and lodging. *Id*. The trouble and cost would be significantly reduced if this case were transferred to the Southern District of New York, where these witnesses reside and where many of the documents are located. *Id*.

In sum, nearly all of KMLLP's partners, former partners, employees, third-party vendors, and all personnel with decision-making authority, work in New York and reside in or near the Southern District of New York. *Id*. at ¶ 5. A number of these persons will assist with KMLLP's defense of the allegations brought by Cicala in this action by testifying as to the records, business practices and decision making. *Id*. Some of these people may be called as witnesses by Plaintiff or Defendants. *Id*. The vast majority—if not all—of the documents that are relevant to this civil

action are kept in New York. *Id.* at ¶ 8. Maintaining this lawsuit in Texas would place a significant, and wholly unnecessary, strain on many of KMLLP's partners and employees and cause a major disruption in KMLLP's activities and operation as a law firm. *Id.* at ¶ 7. Indeed, KMLLP is a small firm and having all of its equity partners, as well as other employee-witnesses, heavily involved in Texas litigation would be an undue hardship on the firm.

### 3. The internal affairs of a New York partnership are best suited for a New York court.

Moreover, transfer of this suit to the Southern District of New York simply makes sense because, under the internal affairs doctrine, a court sitting in Texas should not adjudicate a New York partnership dispute. In her Petition, Cicala seeks dissolution of KMLLP under the New York Partnership Law. Cicala does not dispute—and in fact affirmatively states—that New York law applies to this dispute. *See* Petition at ¶ 23. Under these facts, it is appropriate for this Court to defer to New York in a dispute concerning the internal affairs of a New York limited partnership that involves issues of New York law. *See, e.g., Rimawi v. Atkins*, 42 A.D.3d 799 (3d Dept 2007) (New York court lacked subject matter jurisdiction over claim for accounting and dissolution of Delaware limited liability company that operated in New York); *State of Texas v. Dyer*, 200 S.W.2d 813, 815-16 (Tex. 1947) ("One state has no power to dissolve a corporation created by the laws of another state."). Here, New York clearly has a greater interest in overseeing the internal affairs of its partnerships.

### 4. The Partnership Agreement's forum selection clause weighs in favor of transfer.

In recognition that New York has a substantially greater interest in any dispute regarding a New York partnership, the Partnership Agreement at issue provides that New York shall be the forum that governs any partnership disputes. Linden Declaration, **Exhibit A**, at ¶ 13, and Exhibit A-1 thereto. Despite this provision, the fact that New York law governs this dispute, and

that the parties had an agreement to proceed with settlement discussions instead of litigation, Plaintiff nevertheless raced to the courthouse to sue Defendants in Texas. However, until very shortly before her filing of this lawsuit and during her eleven-year tenure as a partner in KMLLP, Cicala has always acknowledged that the Partnership Agreement applies to her. Cicala's position simply constitutes an attempt to avoid the effect of the forum selection clause, which requires litigation in New York as follows:

> 38. <u>Governing Law</u>. This Agreement is made and is to be performed in the State of New York and shall be construed and enforced in accordance with the internal laws of the State of New York applicable to agreements made and to be performed in said State. Any controversy or claim arising out of or relating to this Agreement, or any alleged breach hereof, or arising out of or relating to the Partners and the Partnership, shall be tried and litigated only in the federal or state courts located in the City and State of New York, New York. Each of the Partners and the Partnership waives, to the extent permitted under applicable law, any right each may have to assert the doctrine of forum non conveniens or to object to venue or to a court's lack of personal jurisdiction to the extent any proceeding is brought in accordance with Section 38.

*See* Linden Declaration, **Exhibit A**, at ¶ 13 and Exhibit A-1 thereto.

Assuming solely for the sake of argument that the Partnership Agreement is not applicable[3]—which Defendants strongly dispute—the forum selection clause is still enforceable

---

[3] In her Petition, Cicala has crafted the unfounded argument that the Partnership Agreement is not applicable to her, at least partly to avoid the effect of the forum selection clause. For purposes of this Motion only, Defendants assume solely for the sake of argument that the Partnership Agreement does not apply, and do not, at this time, move to dismiss Plaintiff's Petition pursuant to Federal Rule of Civil Procedure 12(b)(3). However, Cicala's position is not supported by the law or the facts. Cicala has acknowledged in writing throughout her tenure as a partner in KMLLP, and as a member of its Management Committee, that the Partnership Agreement governed the partnership's management, operations and affairs and was binding on Cicala. *See* Linden Declaration, ¶¶ 14-20. Once a party has ratified a contract, it may not later withdraw the ratification and seek to avoid the contract. *Missouri Pac. R.R. v. Lely Dev. Corp.*, 86 S.W.3d 787, 792 (Tex. App.—Austin 2002, pet. dism'd). *LaRoss Partners, LLC v. Contact 911 Inc.*, 874 F. Supp. 2d 147, (E.D.N.Y. 2012) ("party cannot have it both ways with regard to being bound by a contract" and subjecting non-signatory to forum selection clause under the estoppel theory of enforceability). In addition, the Partnership Agreement does not have to be signed to be enforceable against Cicala because it is not subject to the statute of frauds. *Heathington v. Heathington Lumber Co.*, 398 S.W.2d 822, 825-26 (Tex. App.—Amarillo 1966, no writ) (at-will partnerships not subject to statute of frauds because performance within one year is possible); *Foster v. Kovner*, 44 A.D.3d 23, 27 (1st Dep't 2007). Finally, even if the Partnership Agreement were subject to the statute of frauds, a party cannot repudiate a contract because it has not signed the contract where she knowingly accepts the benefits and party performs. *Sheffield v. Gibson*, 2008 Tex. App. LEXIS 476, *7 (Tex. App.—Houston [14th Dist.] (Jan. 22, 2008) ("It would be fraud to allow [party] to raise

against Cicala. Cicala's non-signatory status does not prevent her from being bound by the forum selection clause. *See, e.g.*, *Hellenic Investment Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 518 (5th Cir. 2006) (non-signatories bound to forum selection clause); *LaRoss Partners, LLC v. Contact 911 Inc.,* 874 F. Supp. 2d 147, (E.D.N.Y. 2012) (discussing that non-signatories can be bound by forum selection clause).[4] Here, Cicala accepted benefits as a KMLLP partner and repeatedly acknowledged having read and being bound by the Partnership Agreement that contained the forum selection clause. *See* Linden Declaration, **Exhibit A**, at ¶¶ 15-20. Cicala therefore had notice of the forum selection clause and reasonably expected (or at the very least should have expected) to be bound by it.[5]

Under Section 1404(a), a forum selection clause is "a *significant* factor that figures *centrally* in the district court's calculus." *Stewart Org. Inc.*, 478 U.S. at 29 (emphasis added). A party's "expressed preference for a forum in a forum selection clause is entitled to substantial consideration" and the party opposing application of a valid clause must "demonstrate exceptional facts explaining why he should be relieved from his contractual duty." *Mpower Comms. Corp. v. Voipld.com, Inc.*, 304 F. Supp. 2d 473, 475 (W.D.N.Y. 2004) (quoting *Stewart*, 478 U.S. at 30). Cicala's choice of forum is entitled to *no* deference, as the parties have already contractually chosen the appropriate forum. *Weiss*, 801 F. Supp. at 1278. The forum selection clause represents the parties' agreement that New York is the most convenient forum to litigate this case. *See Orix Credit Alliance v. Mid-South Materials, Corp.*, 816 F. Supp. 230, 234 (S.D.N.Y. 1993) ("forum selection clause is determinative of the convenience of the parties").

---

the statute of frauds as a defense now" where benefits accepted under contract) *In re Refco, Inc. v. Securities Litig.*, 2008 U.S. Dist. LEXIS 41453 (S.D.N.Y. May 21, 2008) ("The lack of signature on a contract does not affect its validity where the non-signing party received the contract and knowingly accepted its benefits.").

[4] Like arbitration clauses, forum selection clauses enjoy a strong presumption of enforcement, especially as to parties that have directly benefited from the contract. *LaRoss Partners, LLC v. Contact 911 Inc.*, 874 F. Supp. 2d 147, 154 (E.D.N.Y. 2012).

[5] Even Cicala recognizes that some of the partners did sign the Partnership Agreement. Thus, in her lawsuit, Cicala inexplicably attempts to dissolve a valid partnership and ignores a forum selection clause that is, undeniably and at a minimum, binding on some of the partners.

Here, the parties' inclusion of a forum selection clause recognizes the obvious fact that New York has the most compelling interest in adjudicating a dispute over a New York partnership.

### D. The Public Interest Factors Weigh in Favor of Transfer.

As indicated above, the New York court has a significant interest in deciding this case due to the involvement of its citizens KMLLP and most of the Defendants, all of whom work in New York.[6] Weighing the public interest is also an important part of the venue transfer analysis under the "interest of justice" clause of § 1404(a). *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). First, there is a substantial public interest in having local controversies decided in local courts. This includes the adjudication of disputes over distribution of partnership property in the forum where the partnership and property are located. Second, the parties have also elected to apply New York law and Cicala agrees that New York law applies to this dispute. *See In re Bennett Funding Group, Inc.*, 259 B.R. 243, 251 (N.D.N.Y. 2000) (choice of law provision in contract providing for California law was factor that favored transfer to California). In diversity cases, it is well settled that the most appropriate forum is the district of the state whose law is to govern the dispute. WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 3854, at 466-68. Accordingly, it is in the public interest to have New York's district court interpret and apply its own state laws.

Finally, a related case is already pending in New York. *See* Linden Declaration, **Exhibit A**, at ¶ 22, and Exhibits A-2 and A-3 thereto. "Transfer of an action to a district where a related case is already pending enables more efficient conduct of pretrial discovery, saves witnesses time and money in both trial and pretrial proceedings, and avoids duplicative litigation thereby eliminating unnecessary expense to the parties while at the same time serving the public

---

[6] Defendants Randall K. Berger, Daniel Hume, Peter Linden, and David E. Kovel all are domiciled in New York. Defendant Ira Press is domiciled in New Jersey.

interest." *Levitt v. State of Maryland Deposit Ins. Fund Corp.*, 64 F. Supp. 1485, 1493 (E.D.N.Y. 1986). Because the "center of gravity" of this litigation is in New York, transfer is warranted. *Bionx Implants, Inc. v. Biomet, Inc.*, 1999 WL 342306, at *3 (S.D.N.Y., May 27, 1999).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Complaint be transferred to the Southern District of New York, and that Defendants be given all further relief to which they are entitled at law or equity. Alternatively, Defendants seek a stay of this litigation pending resolution of the pending New York action.

Dated: August 20, 2013.

          Respectfully submitted,

          */s/ Leslie C. Thorne*
          Leslie C. Thorne
          State Bar No. 24046974
          J. Iris Gibson
          State Bar No. 24037571

          HAYNES AND BOONE, L.L.P.
          600 Congress Avenue, Suite 1300
          Austin, Texas 78701
          Telephone: 512-867-8400
          Facsimile: 512-867-8470

          *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant's Notice of Removal to Federal Court has been served on the following counsel of record through the court's ECF system, in accordance with the Federal Rules of Civil Procedure on this 20th day of August, 2013.

Geoffrey D. Weisbart
Julie A. Springer
Sara E. Janes
WEISBART SPRINGER HAYES LLP
212 Lavaca Street, Suite 200
Austin TX 78701
512.652.5780
512.682.2074 fax
*Attorney for Plaintiffs*

                                                */s/ J. Iris Gibson*
                                                J. Iris Gibson